UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHIMNEYWOOD HOMEOWNERS**     **CIVIL ACTION**
**ASSOCIATION, INC.**

**VERSUS**     **NO: 06-2751**

**EAGAN INSURANCE AGENCY,**     **SECTION: "S" (1)**
**INC., ET AL.**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Chimneywood Association, Inc.'s "Motion to Remand" is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #3.)

### I. BACKGROUND

Chimneywood Homeowners Association, Inc. (Chimneywood), a condominium association, filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Eagan Insurance Agency, Inc.; Maurice F. Eagan, Jr., the president; Jay W. Oppenheim, the producing agent; Connie Mariny, the account executive; and Westport Insurance Corporation, Eagan's errors and omissions carrier. Chimneywood alleges that the defendants were negligent in procuring proper flood insurance coverage for the Chimneywood buildings.

The defendant removed the case to federal court based on federal question jurisdiction

under the National Flood Insurance Act (NFIA).  Chimneywood filed a motion to remand.

## II. DISCUSSION

### A.  Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part:  "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action presents a federal question, the court examines the plaintiffs' well-pleaded complaint.  See Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).  The entire record is examined for a proper understanding of the true nature of the complaint.  See Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

### B.  National Flood Insurance Act

Chimneywood argues that there is no federal question jurisdiction under the NFIA because their claims against the defendants are for negligence under state law.  Chimneywood contends that it is not seeking an interpretation of a Standard Flood Insurance Policy or recovery against Fidelity National Insurance Company, the insurer.

Sections 4053 and 4072 of the NFIA "provide that flood insurance policyholders may sue their insurers in federal court in regard to disputes arising from the policies." Mid-America Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d at 642.  The NFIA preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).  Although the Fifth Circuit has not addressed whether state law claims regarding procurement of

policies would be preempted by the NFIA, a number of courts have held that the NFIA does not act to preempt state law for claims related to flood insurance procurement.  See <u>Landry v. State Farm Fire & Casualty Co.</u>, 2006 WL 1159391 at *3 (E.D. La. 2006) (J. Fallon).  "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of those policies also involve the spending of federal funds.  <u>Id</u>.  "[F]ederal funds are not used to reimburse insurers for liability arising outside of the scope of the Act.  <u>Id</u>.  Because claims involving procurement do not involve the expenditure of federal funds, "there is no equivalent justification for federal jurisdiction."  <u>Id</u>.

      Chimneywood's claims are based on errors in the procurement of insurance.  Theses state law claims are not preempted, and the court lacks subject matter jurisdiction under the NFIA.

      New Orleans, Louisiana, this  28th  day of August, 2006.

      _____
      **MARY ANN VIAL LEMMON**
      **UNITED STATES DISTRICT JUDGE**